# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA COLEMAN and** | * | **CASE NO. 2:25-cv-00044** |
| **DERMATOLOGY NOLA INC** | * | |
| *Plaintiffs* | * | **SECTION "R"** |
| | * | |
| **VERSUS** | * | **JUDGE SARAH S. VANCE** |
| | * | |
| **MELINDA FARINA and** | * | **MAGISTRATE JUDGE** |
| **BEAUTY BROKERS – MELINDA** | * | **JANIS VAN MEERVELD** |
| **FARINA INCORPORATED** | * | |
| *Defendants* | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' 12(B)(2) MOTION TO DISMISS

**NOW INTO COURT**, through undersigned counsel, come Defendants, Melinda Farina and Beauty Brokers – Melinda Farina Incorporated (collectively, "Defendants"), who respectfully submit their Reply to Melissa Coleman and Dermatology NOLA Inc.'s (collectively, "Plaintiffs"), Opposition to Defendants' 12(b)(2) Motion to Dismiss. Defendants state the following:

### I. DEFENDANTS CLEARLY DO NOT OPERATE IN THE STATE OF LOUISIANA OR MARKET IN THE STATE OF LOUISIANA.

Plaintiffs attempt to persuade this Court that Defendants hold business or have some contact in this State while ignoring Defendants clear statements regarding their alleged business in this State. Defendant, Melinda Farina, has only visited this State in 2019, for a conference. Defendants do not pay for any targeted ads or marking in the State of Louisiana. Further, Defendants do not spend <u>any money</u> on advertising or marketing as Defendants' business relies on word-of-mouth business for the past twenty-five (25) years. Defendants have not traveled to consult any clients in person, only via online videoconferences. More so, Defendants only recall consulting approximately two or three clients over videoconference that resided in the State of

1

Louisiana. Defendants have no offices or employees in the State of Louisiana. Further, Defendants are not registered to do business in this State.

Therefore, Defendants clearly do not operate in the State of Louisiana or market in the State of Louisiana.

## II. **PLAINTIFFS HAVE FAILED TO MEET THE BURDEN OF SHOWING THAT DEFENDANTS' ACTIVITIES ARE CONTINUOUS AND SYSTEMATIC.**

Defendants are not in the business of selling products and shipping them to residents across this nation. Defendants do not have offices, property, or bank accounts in Louisiana. Further, Defendants are not registered to do business in this State as it does not market or attempt to enter into this State to conduct business.

In *Monistere v. Losauro*, the plaintiff was an owner of a patent for a hair-cutting device. *Monistere v. Losauro*, CIV.A. 13-22, 2013 WL 6383886, at *1 (E.D. La. Dec. 4, 2013). The plaintiff alleged that defendants infringed on his patent. *Id*. The defendants had a website that offered products for sale throughout the world and permits users to order the products online. *Id*. Further, the defendants admitted that they have sold products through the website and also at conventions in Florida and California. *Id*. In addition, the defendants sold one product to a Louisiana resident through their website, but that Louisiana resident was Plaintiff himself. *Id*. The defendants in *Monistere v. Losauro* claimed that they never otherwise manufactured, marketed, advertised, sold, or distributed their products in Louisiana and that they have never performed services in Louisiana. *Id*. The defendants had no offices, property, or bank accounts in Louisiana and are not registered to do business in Louisiana. *Id*.

The Court in *Monistere* noted that the defendants' website did not merely relate information passively; rather, the website allowed users to place orders online. *Id*. at *7. However, the Court noted that there was **no evidence that the defendants engaged in repeated**

**transactions** with Louisiana residents over the site. *Id*. While the Court acknowledged that the defendants' website was highly interactive because it allowed users to purchase allegedly infringing products over the internet, the defendants **only made one sale through the website to a Louisiana resident— the plaintiff** in that case. *Id*. The Court wrote:

> "For this one contact with Louisiana to constitute purposeful availment of this forum by Defendants, the contact **must result from Defendants' purposeful conduct**, **not merely from the unilateral activity of Plaintiff**." *Id*.

The Court in *Monistere v. Losauro*, held that it did not have either general nor specific personal jurisdiction over the defendants in that matter. *Id*. at *8.

Here, this case is similar to *Monistere*, warranting dismissal of Plaintiffs' lawsuit. One key difference, however in furtherance of a finding of no jurisdiction, is that Defendants before this Court do not sell products or ship any products to the State of Louisiana or any State. Further, the plaintiff in Monistere was the purchaser of that product who had it shipped into Louisiana. Plaintiffs in this case have not purchased or had anything shipped into this state from Defendants.

If this Court agrees with Plaintiffs' contention that a business, existing for over twenty-five (25) years, with only two or three videoconferences with residents of Louisiana in its history is enough to drag not only Defendants, but any persons based on a finding on continuous and systematic activities, everyone who has ever jumped on any videoconference must be put on notice to have a bag packed as they can be dragged into a Court, thousands of miles away, for simply holding a videoconference.

Plaintiffs further argue that solicitation of business brings Defendants into this Court's jurisdiction. If a Louisiana crawfish company refers a Texas resident to a local Texas crawfish company, this referral surely does not mean that a Texas Court can drag the Louisiana crawfish company into its jurisdiction based on a referral or ever multiple referrals. This type of abuse of

jurisdictional lasso is what the legislature chose to prevent. In addition, if a Louisiana fishing company has a website that offers services to help others find local fishing charters near them and request the persons information to be able to reach out to the inquirer to help them find a fishing charter near them, this action must not be allowed to take a Louisiana company into a different state when it is not actively seeking residents in another state, but simply acts as a helped to connect a potential client with another company.

"This conclusion is in plain contradiction with the due process requirement that "no federal court may assume jurisdiction *in personam* of a non-resident defendant **unless the defendant has meaningful 'contacts, ties, or relations' with the forum state**[,]" *Luv N' care*, 438 F.3d at 469, and would result in defendants being "haled into a jurisdiction s**olely as a result of random, fortuitous, or attenuated contacts**" in violation of the 14th Amendment. *Paynes v. Woods*, 2:23-CV-01308-GGG-DPC, 2024 WL 894901, at *3 (E.D. La. Mar. 1, 2024), *appeal dismissed*, 24-30148, 2024 WL 4119913 (5th Cir. June 20, 2024) citing *Rudzewicz*, 471 U.S. at 475.

Defendants have simply been dragged into this Court based on a few meaningless contacts with the citizens of this State, based primarily on holding Zoom meetings with persons who happen to be citizens of Louisiana, more so, contacts with *others*, not even Plaintiffs.

Therefore, Plaintiffs have failed to meet the burden of showing that Defendants' activities are continuous and systematic.

### III.  CONCLUSION

As detailed extensively in their 12(b)(2) Motion to Dismiss and Reply, Defendants, Melinda Farina and Beauty Brokers – Melinda Farina Incorporated, pray that this Honorable Court grant their 12(b)(2) Motion to Dismiss and the claims contained in the Complaint filed on behalf of Plaintiffs, be dismissed with prejudice, at Plaintiffs' costs.

Respectfully submitted,

/s/ *Mark G. Montiel, Jr.*

_____
MARK G. MONTIEL, JR. (#36122)
SHELBY S. TALLEY (#39050)
JACK F. GRIFFIN (#40382)
LAWSON NGUYEN (#40469)
LANDIS R. SILVA (#40642)
**MONTIEL HODGE, LLC**
400 Poydras Street, Suite 2325
New Orleans, Louisiana 70130
Telephone: (504) 323-5885
Fax: (504) 308-0511
mmontiel@montielhodge.com
stalley@montielhodge.com
jgriffin@montielhodge.com
lnguyen@montielhodge.com
lsilva@montielhodge.com
**Attorneys for Defendants**

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel in the above styled case, do hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail or electronic mail on this 14th day of February 2025.

/s/ *Mark G. Montiel, Jr.*
**MARK G. MONTIEL, JR**