# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELISSA COLEMAN** and **DERMATOLOGY NOLA INC.** | § § § | CASE NO. 2:25-cv-00044 |
| *Plaintiffs* | § § | SECTION "R" |
| v. | § § | |
| **MELINDA FARINA and BEAUTY BROKERS – MELINDA FARINA INCORPORATED,** | § § § § | JUDGE SARAH S. VANCE<br><br>MAGISTRATE JUDGE JANIS VAN MEERVELD |
| *Defendants* | § § | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Melissa Coleman and Dermatology NOLA Inc., (collectively, "Plaintiffs"), who respectfully submit this Memorandum in Opposition to Defendants' Motion for Protective Order Staying Discovery. As an initial matter, Defendants' Motion for Protective Order Staying Discovery is improper because they did not comply with the requirements set forth under Federal Rule of Civil Procedure 26(c)(1). For this reason and the reasons more fully discussed below, Plaintiffs respectfully request that this Court deny Defendants' Motion for Protective Order Staying Discovery.

### I.     INTRODUCTION

As an initial matter, Defendants' motion is procedurally improper under Federal Rule of Civil Procedure 26(c)(1), which requires a certification that the movant has in good

faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Defendants made no such certification, and their failure to satisfy this threshold requirement alone warrants denial of their motion.

Moreover, Defendants' Motion for Protective Order Staying Discovery should be denied because it seeks to delay Plaintiffs' right to conduct discovery. Plaintiffs are entitled to discovery and courts routinely permit discovery to proceed under these circumstances, and the mere pendency of a motion to dismiss does not automatically entitle a party to a stay of discovery.

Defendants also fail to demonstrate good cause to support the relief they seek. They offer no specific showing of burden or harm and instead rely on vague assertions unsupported by evidence. This falls far short of what Rule 26(c) requires.

Notably, Defendants waited until the day before their discovery responses were due to file the present motion, despite having had nearly a month to raise any objections or confer with Plaintiffs. This timing strongly suggests that the motion was filed for strategic advantage rather than out of legitimate necessity and further supports denial.

For these reasons, and those more fully discussed below, Plaintiffs respectfully request that this Court deny Defendants' Motion for Protective Order Staying Discovery in its entirety.

## II.     PROCEDURAL POSTURE

On January 5, 2025, Plaintiffs Melissa Coleman and Dermatology NOLA Inc. (collectively, "Plaintiffs") filed their Complaint against Defendants, Melinda Farina and

Beauty Brokers – Melinda Farina Incorporated (collectively, "Defendants").[1] In response, Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, asserting a lack of personal jurisdiction.[2]

On January 26, 2025, the Court issued a Scheduling Order setting pretrial deadlines, including a discovery deadline of September 2, 2025.[3]

On April 1, 2025, consistent with the Federal Rules and the Scheduling Order, Plaintiffs served written discovery on Defendants, including interrogatories and requests for production. Rather than timely respond or raise objections through proper channels, Defendants waited until April 30, 2025—just one day before their responses were due—to file a Motion for Protective Order Staying Discovery.

This sequence of events highlights both the procedural irregularity of Defendants' motion and the tactical nature of their delay.

### III. LAW AND ARGUMENT

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending… The motion **must include a certification** that the **movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action**."[4] Rule 26(c)(1) further provides that the court "may, **for good cause**, issue an order to protect a party from **annoyance, embarrassment, oppression, or undue burden or expense**…"[5]

---

[1] Rec. Doc. No. 1.
[2] Rec. Doc. No. 10.
[3] Rec. Doc. No. 16, p. 2.
[4] Fed. R. Civ. P. 26(c)(1) (emphasis added).
[5] *Id.* (emphasis added).

3

Importantly, "if the Federal Rules of Civil Procedure contemplated that pending motions to dismiss would stay discovery, they would contain a provision to that effect."[6] Thus, "[a] stay of discovery in light of a pending dispositive motion is the exception rather than the rule."[7] "It is an 'extraordinary step' and should not be granted merely because a defendant believes it will prevail on a dispositive motion."[8]

"The burden is on the party seeking a stay to show its necessity with a 'particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.'"[9] As such, this demonstration must necessarily allege facts beyond the ordinary costs of litigation.[10] Courts in the Fifth Circuit routinely decline to stay discovery pending the resolution of another motion, because the mere existence of a dispositive motion does not constitute good cause.[11]

---

[6] *Glover v. Argonaut Ins. Co.*, 2025 U.S. Dist. LEXIS 7755 (M.D. La. Jan. 15, 2025) citing *X Corp. v. Media Matters for Am.*, 2024 U.S. Dist. LEXIS 79110, 2024 WL 1895255, at *1 (N.D. Tex. Apr. 26, 2024).
[7] *Notariano v. Tangipahoa Par. Sch. Bd.*, 2018 U.S. Dist. LEXIS 135925, 2018 WL 3844882, at *2 (E.D. La. Aug. 13, 2018) (citing *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008)).
[8] *Valenzuela v. Crest-Mex Corp.*, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017); *Griffin v. Am. Zurich Ins. Co.*, 2015 U.S. Dist. LEXIS 178956, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015) (citing *Glazer's*, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482).
[9] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).
[10] *Glover v. Argonaut Ins. Co.*, 2025 U.S. Dist. LEXIS 7755 (M.D. La. Jan. 15, 2025) ("To argue otherwise would be to say that all litigation costs constitute an 'undue burden' under the Federal Rules.").
[11] *See, e.g., Great Lakes*, 2021 U.S. Dist. LEXIS 256241, 2021 WL 7708048 at *10 ("[Defendant's] pending dispositive motion does not render discovery premature."); *Valenzuela*, 2017 U.S. Dist. LEXIS 98963, 2017 WL 2778104, at *5 ("[A]lthough the motion to compel arbitration might, if granted, result in the complete dismissal of this case as pending in this Court, that possibility alone does not, considering all the other factors discussed above, justify taking the extraordinary step of staying discovery."); *Ashford Inc. v. Unite Here*, 2015 U.S. Dist. LEXIS 179792, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (Lynn, J.) (denying discovery stay because "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discovery pending the outcome of an arguably meritorious dispositive motion"); *Glazer's*, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482, at *1 ("The court declines to stay discovery merely because defendant believes it will prevail on its motion to dismiss."); *United States. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (declining to stay discovery for pending Rule 12(b)(6) motion where movants did not show that discovery would be oppressive, unduly burdensome, or expensive).

### a. Defendants' Motion Must Be Denied for Failure to Comply with Rule 26(c)(1).

Federal Rule of Civil Procedure 26(c)(1) unequivocally requires that a motion for protective order include a certification that the movant has, in good faith, conferred or attempted to confer with the other party in an effort to resolve the discovery dispute without court intervention.[12] Defendants failed to do so.

Defendants made no attempt—formal or informal—to confer with undersigned counsel before seeking relief from this Court. Instead, they waited until the eve of their discovery response deadline to file the instant motion, blindsiding Plaintiffs and entirely bypassing the meet-and-confer process required by Rule 26(c)(1). Their motion contains no certification of any such effort, as the Rule mandates.

This omission is not a mere technical defect—it is a threshold requirement that conditions a party's right to seek a protective order in federal court. Courts routinely deny protective order motions on this basis alone. Defendants' failure to engage in even minimal communication with Plaintiffs prior to filing this motion demonstrates a lack of good faith and a disregard for the Federal Rules. For this reason alone, the Motion for Protective Order Staying Discovery should be denied.

### b. Defendants have failed to show that good cause exists for this Court to issue a stay of discovery while their 12(b)(2) Motion to Dismiss is pending.

Defendants' Motion relies entirely on boilerplate assertions and conclusory claims that fall far short of establishing the "good cause" required under Federal Rule of Civil

---

[12] Fed. R. Civ. P. 26(c)(1).

Procedure 26(c). As the party seeking to stay discovery, Defendants bear the burden of showing specific facts demonstrating that responding to discovery would be unduly burdensome, oppressive, or otherwise unjustified. They have not done so.

Rather than provide competent evidence or concrete explanations, Defendants offer only a generic assertion that responding to Plaintiffs' discovery would "needlessly expend resources" in the event their Motion to Dismiss is granted.[13] This speculative concern does not constitute good cause. Defendants offer no detail—no affidavits, cost estimates, or factual support—demonstrating that responding to the discovery would impose any burden beyond the ordinary obligations of litigation. Courts routinely reject such "bare bones" motions as insufficient.

Moreover, it is well settled that the mere filing of a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction does not automatically stay discovery. Courts consistently allow discovery to proceed, particularly when the moving party fails to establish with particularity why discovery should be delayed. Here, Defendants have not explained—let alone substantiated—how discovery would prejudice them.

Instead of addressing any specific discovery requests or identifying any undue burden, Defendants merely rehash their personal jurisdiction arguments and ask this Court to assume that their motion will be granted. This presumption is both improper and premature. Belief in the likely success of a dispositive motion is not, by itself, a valid basis to stay discovery.

---

[13] Rec. Doc. No. 20-1, p. 3.

In support of their position, Defendants cite to *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841 (5th Cir. 2000).[14] However, this case is distinguishable from the instant matter. In *Syria Shell Petroleum Dev. B.V.*, the appellee was an "organ of a foreign state" and therefore immune to subject matter jurisdiction based on federal law.[15] In finding that the district court's denial of discovery was appropriate, the court reasoned that "although [a]ppellants were *not* prohibited from seeking discovery for over three months, they did *not* make any formal requests to conduct it on the immunity issue until after being informed by the magistrate judge that a recommendation on dismissal was imminent."[16] Ultimately, the court found that due to the appellants' "failure to diligently seek discovery and their concomitant failure to allege specific facts crucial to immunity which demonstrated a need for discovery, the district court did not abuse its discretion by not allowing Appellants to conduct such discovery prior to ruling on dismissal."[17] Here, Plaintiffs served timely and appropriate discovery requests—unlike the appellants in *Syria Shell*, who failed to act diligently and sought discovery only at the eleventh hour. Accordingly, *Syria Shell* does not support Defendants' request for a stay and is plainly distinguishable.

Additionally, in *Davis v. Landrieu*, No. 18-231, 2018 U.S. Dist. LEXIS 236884 (E.D. La. Apr. 5, 2018), although this Court granted the defendants' motion for protective order staying discovery pending their motion to dismiss, this Court reasoned that there was no impending trial date or discovery deadline.[18] Moreover, in furtherance of preventing

---

[14] *Id.*
[15] *Id.*
[16] *Id.* at 850.
[17] *Id.* at 852.
[18] *Davis v. Landrieu*, No. 18-231, 2018 U.S. Dist. LEXIS 236884, at *7 (E.D. La. Apr. 5, 2018).

any prejudice to the plaintiff, this Court ordered that the stay of discovery would end at the earlier of the date the Court's scheduling conference is set or the Court's ruling on the motion to dismiss.[19] Here, distinguishable from the facts in *Davis v. Landrieu*, the parties already attended this Court's scheduling conference, and there is a discovery deadline in place. On January 27, 2025, this Court issued an Order Setting the Scheduling Conference for the purpose of scheduling a pre-trial conference and trial on the merits, and for a discussion of the status of the case and discovery deadlines.[20] On February 25, 2025, both parties attended the scheduling conference via telephone with this Court's Case Manager. Counsel for Defendants did not provide any objections to or voice any concerns regarding the proposed discovery deadline. Thereafter, this Court issued the Scheduling Order with a discovery deadline of September 2, 2025.[21] Again, counsel for Defendants made no objection to discovery. Accordingly, unlike in *Davis*, where no scheduling deadlines had been set and the Court proactively limited potential prejudice to the plaintiff, discovery in this case is already underway, governed by a court-issued Scheduling Order, and Defendants' belated attempt to halt that process—without prior objection—lacks both procedural and substantive justification.

Courts in the Fifth Circuit have made clear that a pending motion to dismiss—even one that could dispose of the entire case—does not automatically justify staying discovery, particularly where the movant fails to make a specific and substantiated showing of burden. In *Hope Medical Group for Women v. LeBlanc*, No. 20-00424, 2020 WL 5801055, at *2

---

[19] *Id.*
[20] Rec. Doc. No. 12.
[21] Rec. Doc. No. 16, p. 2.

(M.D. La. Sept. 29, 2020), the court denied a motion to stay discovery where the plaintiffs sought a deposition to support their defense against a pending motion to dismiss. While in that case the discovery was aimed at addressing the dispositive motion, the court emphasized a broader principle: that a stay of all discovery is not appropriate when it could prevent a party from having sufficient opportunity to develop a factual base for defending against a dispositive motion. [22]

Here, although Plaintiffs' discovery is not specifically directed at the Rule 12(b)(2) motion, it is directed at the merits of their claims and is being conducted pursuant to the Scheduling Order already in place. Discovery should not be halted merely because a dispositive motion is pending—particularly where Defendants have failed to show how responding to standard written discovery would impose any undue burden or expense. Without such a showing, a blanket stay would only serve to delay the orderly progression of this case.

Further, in *Glazer's Wholesale Drug Co.*, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482 at *1, the court held that discovery is not automatically stayed pending resolution of a motion to dismiss. Courts must balance the burden of discovery against the risk of unfair prejudice and delay—and here, where discovery deadlines are already set and Plaintiffs have propounded targeted requests on the merits, no such balance favors Defendants. Their failure to object during the scheduling conference only reinforces that this Motion is a tactical delay, not one based on good cause under Rule 26(c).

---

[22] *Id.* (citing *Parish of Jefferson, Louisiana v. Southern Recovery Management,* 96-Civ.A.-0230, 1996 U.S. Dist. LEXIS 3894, 1996 WL 144400 (E.D. La. March 27, 1996) *(*citing *Petrus,* 833 F.2d at 583)).

9

In short, Defendants have failed to articulate, support, or demonstrate any legitimate reason why discovery should not proceed under the current Scheduling Order. Their request appears to be nothing more than a tactical attempt to delay their discovery obligations. Because Defendants have failed to meet their burden under Rule 26(c), their Motion for Protective Order Staying Discovery should be denied.

IV.     **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Protective Order Staying Discovery should be denied, and Plaintiffs respectfully request that all costs and fees incurred in responding to Defendants' Motion for Protective Order Staying Discovery be assessed against Defendants.

                Respectfully submitted,

                **KREBS FARLEY, PLLC**

                */s/ Laura F. Ashley*
                LAURA F. ASHLEY (L.B.N. 32820)
                GABRIELLE L. FERRARA (L.B.N. 40767)
                400 Poydras St., Ste 2500
                New Orleans, LA 70130
                Telephone: (504) 299-3570
                Facsimile: (504) 299-3582
                lashley@krebsfarley.com
                gferrara@krebsfarley.com
                ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record.

                                                */s/ Laura F. Ashley*
                                                Laura F. Ashley