UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MELISSA COLEMAN, ET AL.                    CIVIL ACTION

VERSUS                                              NO. 25-44

MELINA FARINA, ET AL.                    SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiffs Melissa Coleman and Dermatology NOLA Inc.'s motion to dismiss the counterclaims for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]  Defendants Melina Farina and Beauty Brokers—Melina Farina Inc. ("Beauty Brokers") oppose the motion to dismiss.[2]  For the following reasons, the Court grants the motion in part and denies the motion in part.

## I.    BACKGROUND

This case arises out of allegedly defamatory social media posts that defendant Melina Farina made on her personal and on Beauty Brokers' accounts.[3]  Farina contends that she made these posts to respond to allegedly defamatory posts made by Overall_fix06, an anonymous Reddit account that

---

[1]    R. Doc. 51.
[2]    R. Doc. 54.
[3]    R. Doc. 10.

1

Farina alleges Coleman runs.[4]   Coleman is an employee of Dermatology NOLA Inc., where her husband is a doctor.  Coleman is a Louisiana citizen, and Dermatology NOLA Inc. is a Delaware corporation with its principal place of business in Louisiana.  Farina is the founder and owner of Beauty Brokers.  Farina is a New Jersey citizen, and Beauty Brokers is a New Jersey corporation with its principal place of business in New Jersey.[5]

Plaintiffs sued defendants in this Court on January 5, 2025, asserting claims for defamation *per se* and intentional infliction of emotional distress.[6] Defendants moved to dismiss on January 23, 2025, asserting that the Court lacked personal jurisdiction.[7]  The Court denied the motion to dismiss and found that it had personal jurisdiction over defendants.[8]  Defendants then answered the complaint and filed counterclaims.[9]  Defendants asserted counterclaims for defamation, false light, abuse of process, intentional infliction of emotional distress, negligent infliction of emotional distress, a claim under New Jersey law for tortious interference with prospective

---

[4]    R. Doc. 25.
[5]    R. Doc. 1.
[6]    *Id.*
[7]    R. Doc. 10.
[8]    R. Doc. 23.
[9]    R. Doc. 25.

economic advantage, and a claim for violation of the Louisiana Unfair Trade Practices Act (LUTPA).[10]

Plaintiffs then moved to strike the counterclaims, asserting that they were untimely.[11]  The Court denied the motion to strike.[12]  On September 12, 2025, plaintiffs filed a First Amended Complaint, which added claims for defamation, negligent infliction of emotional distress, and false light invasion of privacy.[13] On September 12, 2025, defendants filed a First Amended Counterclaim, adding a defamation *per se* claim and retracting the claim for abuse of process and Beauty Broker's claim for false light invasion of privacy.[14] Plaintiffs moved to dismiss five of the seven counterclaims for failure to state a claim upon which relief can be granted.[15]   The Court considers the motion below.

---

[10]     *Id.*
[11]     R. Doc. 28.
[12]     R. Doc. 49.
[13]     R. Doc. 58-2, at 43.
[14]     R. Doc. 59-2.
[15]     R. Doc. 51. Plaintiffs move to dismiss the defamation, false light, abuse of process, tortious interference with prospective economic advantage New Jersey law, and Louisiana Unfair Trade Practices claims. Plaintiff does not move to dismiss the negligent or intentional infliction of emotional distress claims.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the non-moving party. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See id.* It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (cleaned up). The claim must be dismissed if there are insufficient factual allegations

"to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007). A plaintiff must cross "the line from conceivable to plausible" for each element of its claim. *Twombly*, 550 U.S. at 570.

On a Rule 12(b)(6) motion, the Court must limit its review to the pleadings and attachments. *Brand Coupon Network, LLC v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.*

A federal court sitting in diversity applies the choice-of-law rules of the forum state. *Ellis v. Trustmark Builders, Inc.*, 625 F.3d 222, 225 (5th Cir. 2010). Here, Louisiana choice-of-law rules apply. La. Civ. Code art. 3542 provides the general rule for choice of law determinations in tort cases:

> Except as otherwise provided in this Title, an issue of delictual or quasi-delictual obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if

any, between the parties was centered; and (2) the policies
referred to in Article 3515, as well as the policies of deterring
wrongful conduct and of repairing the consequences of injurious
acts.
La. Civ. Code art. 3542.

The choice-of-law analysis is unnecessary if the laws of the interested

states do not conflict. *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d

682, 687 (5th Cir. 2019). In those situations, the substantive law of the forum

applies. *Id.*

## III.  DISCUSSION

Parties are not "required to file a new motion to dismiss simply because

an amended pleading was introduced while their motion was pending."

*Rountree v. Dyson*, 892 F.3d 681, 683-84 (5th Cir. 2018). Instead, the Court

may consider the motion as addressed to the amended pleading "if defects in

the original motion remain in the new pleading." *Id.* As that is the case here,

the Court considers the motion to dismiss[16] as applied to the First Amended

Counterclaim.[17]

Louisiana and New Jersey are the two interested states in this action,

given the parties' citizenships and the location of the alleged harm. When

their laws do not conflict, the Court applies Louisiana law as it is the law of

---

[16]    R. Doc. 51.
[17]    R. Doc. 59-2.

the forum state.  Therefore, the Court applies Louisiana substantive law to the defamation, false light, and abuse of process claims.  The Court performs a choice-of-law analysis for the two remaining claims: the New Jersey tortious interference with economic advantage claim and the LUTPA claim.

### A. Defamation and Defamation *Per Se*

The four elements of defamation under Louisiana law are "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury." *Kennedy v. Sheriff of East Baton Rouge*, 935 So. 2d 669, 674 (La. 2006).  The fault requirement is interpreted as actual or implied malice. *Id*. Words that are defamatory *per se* explicitly or implicitly injure one's personal or professional reputation.  *Lemeshewsky v. Dumaine*, 464 So. 2d 973, 975 (La. App. 4 Cir. 1985).  When a plaintiff proves publication of words that are defamatory *per se*, the elements of falsity, fault, and injury are presumed, but may be rebutted by the defendant. *Costello v. Hardy*, 864 So. 2d 129, 140-41 (La. 2004).

Here, defendant plausibly alleges defamation *per se*.  Taking her assertion that Coleman runs the Overall_fix06 Reddit account as true, the defendant plausibly alleges that the Reddit account has posted defamatory words that were published to others.  These include, for example,

Overall_fix06's posts in March 2025 that Reddit users should "block and carry on, a total waste of time to go back and forth with a mentally ill individual who's pushing 50 and never got the help she needed"[18] and that Ms. Farina is running an "unethical business" whose clients "clearly can't stand her."[19]

Plaintiffs argue that some of defendants' defamation claims are time-barred. This is correct. There was a one-year statute of limitations in place when defendants filed the counterclaims on June 19, 2025.[20] Each publication of a defamatory statement gives rise to a separate cause of action and commences its own prescriptive period. *Wiggins v*. Creary, 475 So. 2d 780, 781 (La. App. 1 Cir. 1985). Accordingly, the Court dismisses all of defendants' defamation claims for statements made before June 19, 2024. The Court denies the motion to dismiss as to all defamation claims for statements made after that date.

---

[18]    R. Doc. 25, at 22.

[19]    R. Doc. 54, at 6.

[20]    Acts 2024, No. 423 § 1 (eff. July 1, 2024), which established a new two-year prescriptive period for tort actions. This change does not apply to actions filed before it became effective. Therefore, the applicable statute of limitations here is one year.

## B. False Light

Louisiana law recognizes a cause of action for "false light" invasion of privacy. The publicity must unreasonably place the plaintiff in a public false light. *Perere v. Louisiana Television Broad. Corp.*, 812 So. 2d 673, 676 (La. App. 1 Cir. 2001). To plausibly allege false light, a plaintiff must allege facts plausibly suggesting (1) a privacy interest, (2) falsity, and (3) unreasonable conduct. *Id.* The publication must contain falsity or fiction and be objectionable to a reasonable person. *Id.* The reasonableness of the defendant's conduct is "determined by balancing the plaintiff's interest in protecting his privacy from serious invasions with the defendant's interest in pursuing his course of conduct." *Id.*

Farina's false light claim fails. Farina does not establish a privacy interest that plaintiffs allegedly violated. Farina's allegations as to "false light" in the Amended Counterclaim are entirely conclusory and do not even mention a privacy interest, nor is any privacy interest alleged in the listing of factual allegations. The "action for defamation and the actions for invasions of privacy should be carefully distinguished. The former is to protect a person's interest in a good reputation . . . . The latter is to protect a person's interest in being let alone." *Easter Seal Soc. v. Playboy Enters., Inc.,* 530 So. 2d 643, 646 (La. App. 4 Cir. 1988) (quoting W.P. Keeton, D. Dobbs, R.

Keeton, & D. Owen, *Prosser and Keeton on the Law of Torts,* Sec. 117 at 864).

Farina has not plausibly pled such an invasion here. The false light accusations are simply a re-packaging of defendant's defamation claim. The Court fails to see any privacy interest at issue here, particularly as the claim focuses on characterizations of Farina's public, online persona. As Farina fails to plead one of the required elements of a false light claim, the Court dismisses the false light claim for failure to state a claim upon which relief can be granted.

### C. Abuse of Process

Defendants did not assert Abuse of Process in the First Amended Counterclaim. As such, plaintiffs' motion to dismiss the abuse of process claim is moot.

### D. Tortious Interference with Prospective Economic Advantage

New Jersey and Louisiana law conflict as to a freestanding tort of interference with business expectancies. Under Louisiana law, there is no such tort. *9 to 5 Fashions, Inc. v. Spurney*, 538 So. 2d 228, 234 (La. 1989). New Jersey law recognizes the tort of tortious interference with prospective economic advantage.

10

This Court applies Louisiana choice-of-law rules. La. Civ. Code art. 3542. Louisiana choice-of-law rules for torts require balancing the pertinent contacts of each state with the parties and the events giving rise to the dispute, including (1) the place of conduct and injury, (2) the domicile, habitual residence, or place of business of the parties, and (3) the state in which the relationship, if any, between the parties was centered.

Here, all of plaintiffs' alleged conduct occurred in Louisiana or on international internet platforms. The place of conduct weighs toward applying Louisiana law. As the harm was primarily on the internet, the place of injury is non-specific. Domicile, habitual residence, and place of business are not determinative, as all are Louisiana for plaintiffs and New Jersey for defendants.[21] The relationship between the parties is largely internet-based. Considering the factors, the Court finds that the pertinent contacts with Louisiana outweigh those with New Jersey and thus, Louisiana law governs.

As there is no tort for interference with prospective economic advantage under Louisiana law, the Court dismisses defendants' claim.

### E. Violation of LUTPA

LUTPA prohibits egregious fraud, deception, or coercion. *Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.,* 35 So. 3d 1053, 1060 (La. 2010).

---

[21]    R. Doc. 25.

The alleged conduct must offend public policy, and the "range of prohibited practices are extremely narrow." *Id.* at 1059-60.

LUTPA provides a private cause of action to a person "who suffers any ascertainable loss of money or movable property" because of another's use of "an unfair or deceptive method, act, or practice." La. R.S. 51:1405(A). A trade practice is unfair under the statute "only when it . . . is immoral, unethical, oppressive or unscrupulous." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000). Courts determine what constitutes an unfair trade practice on a case-by-case basis. *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir. 1994). The "unfair or deceptive methods" must occur "in the conduct of any trade or commerce." *Law Indus., LLC v. Dep't of Educ.*, 378 So. 3d 3, 8 (La. 2024). Louisiana law defines "trade or commerce" as "the advertising, offering for sale, sale, or distribution of any services and any property . . . ." *Id.*

When a LUTPA claim is based on an allegedly fraudulent misrepresentation, the claim must meet the heightened pleading requirements of Rule 9(b). The claim must state with particularity the circumstances constituting fraud. *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009). And the claim must identify the "who, what, when, where, why, and how" of the alleged

fraud. *Williams v. Bell Helicopter Textron, Inc.,* 417 F.3d 450, 453 (5th Cir. 2005).

Here, defendants' factual allegations, taken as true at this stage, plausibly allege a LUTPA violation. The allegations address the "who, what, when, where, why, and how" of the alleged fraud. The defendants allege that Coleman is the operator of the anonymous Reddit account and point to specific dated statements the account posted that defendants assert are fraudulent and harmful to the business. For example, defendants point to a Reddit post that purports to share defendants' trade secrets, sharing an allegedly false list of surgeons with whom defendants work.[22] Defendants allege that Coleman is knowingly harming defendants' business in part to bolster her standing as a dermatology influencer.[23] The factual allegations raise a reasonable expectation that discovery "will reveal relevant evidence of each element of the claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009). Further, the Reddit account in question was engaging in "trade or commerce," as it was advertising and promoting various plastic surgeons and other dermatological services.[24]

---

[22]    R. Doc. 59-2, at 6.
[23]    R. Doc. 59-2, at 5.
[24]    R. Doc. 59-2, at 17.

13

The LUTPA claim is subject to a one-year statute of limitations.[25] *Morris v. Sears, Roebuck and Co.*, 765 So. 2d 419, 422 (La. App. 4 Cir. 1988). Parties have one year from the time of the act which gave rise to the right of action to sue under LUTPA. *Zeigler v. Housing Authority of New* Orleans, 118 So. 3d 442, 452 (La. App. 4 Cir. 2013). Accordingly, the Court dismisses defendants' LUTPA claims as to statements made before June 19, 2024. The Court denies the motion to dismiss as to defendant's LUTPA claims for statements made after that date.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to dismiss.

The Court DISMISSES defendants' defamation and LUTPA claims arising from statements prior to June 19, 2024, WITH PREJUDICE and DENIES plaintiffs' motion as to alleged statements after that date. The Court DISMISSES defendants' Tortious Interference with Prospective Economic Advantage claim under New Jersey law WITH PREJUDICE. The Court dismisses Farina's false light claim for failure to state a claim upon which

---

[25] Acts 2024, No. 423 § 1 (eff. July 1, 2024), which established a new two-year prescriptive period for tort actions. This change does not apply to actions filed before it became effective. Therefore, the applicable statute of limitations here is one year.

relief can be granted WITHOUT PREJUDICE and with LEAVE TO AMEND the counterclaim within fourteen days of this order.

New Orleans, Louisiana, this 23rd day of September, 2025.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE